UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 21-6736-MEMF (KS)                                          Date: March 28, 2022

Title    *Christina Marie Gragg v. Atascadero Police Department et al.*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|     Gay Roberson     |     N/A     |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 17, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil rights suit against The Atascadero and Paso Robles Police Departments and two individual officers. (Dkt. No. 1.) On August 24, 2021, the Court dismissed the Complaint for failure to state a claim, but granted Plaintiff leave to amend and ordered her to file a First Amended Complaint ("FAC") correcting the defects identified by the Court. (Dkt. No. 5.) On November 1, 2021, Plaintiff filed her FAC; the Court again dismissed the FAC for failure to state a claim, but granted Plaintiff leave to amend and ordered her to file a Second Amended Complaint ("SAC") correcting the defects identified by the Court. Plaintiff filed her SAC on December 7, 2021, and the Court ordered service of summons on the remaining Defendants (Gabbard and Miota). (Dkt. Nos. 14, 15.)

The Court's scheduling order directing service provided that "Plaintiff shall promptly proceed with service of the summons and complaint on all named, nonterminated defendants," and that "[s]ervice of the summons and complaint must comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure. Plaintiff shall file one copy of the proof of service showing compliance with this order within 90 days of filing the [SAC]."[1] The Court warned Plaintiff that "[n]on-compliance with this paragraph may result in a recommendation of dismissal." (Dkt. No. 15 at 1-2.)

---

[1] Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 21-6736-MEMF (KS)                                                    Date: March 28, 2022

Title   *Christina Marie Gragg v. Atascadero Police Department et al.*

    Since Plaintiff filed the SAC on December 7, 2021, her proof of service under Rule 4(m) was due to be filed 90 days later, on March 7, 2022.  Therefore, three weeks have now passed since Plaintiff's deadline to file her proof of service showing that she timely served Defendants Gabbard and Miota, but she has not done so.  If Plaintiff has, indeed, failed to properly and timely serve Defendants Gabbard and Miota, then her claims against them must be dismissed.

    However, in the interests of justice and in conformity with Fed. R. Civ. P. 4(m), which requires notice to the plaintiff if a defendant is not served within 90 days, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than April 18, 2022 why the action should not be dismissed for failure to serve Defendants Gabbard and Miota.**

    To discharge this Order and proceed with this case, **Plaintiff, no later than the April 18, 2022 deadline, shall file a proof of service that shows that Plaintiff served the summons and a copy of the Complaint to Defendants Gabbard and Miota in a manner that complies with Rule 4(e) of the Federal Rules of Civil Procedure.**[2]

    The Court will not extend Plaintiff's April 18, 2022 deadline in the absence of a showing of extraordinary circumstances supported by competent proof.  **Plaintiff's failure to timely comply with this order will result in a recommendation of dismissal.**

    **IT IS SO ORDERED**.

                                                                         :

**Initials of Preparer**   gr

---

[2]    Rule 4(e) of the Federal Rules of Civil Procedure states:  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    (2) doing any of the following:
        (A) delivering a copy of the summons and of the complaint to the individual personally;
        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
        (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.